

(Rev. 5/05)

**ORIGINAL**

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) James Riley    00169916
(Name of Plaintiff)    (Inmate Number)

Delaware Correctional Center
1181 Paddock Rd., Smyrna, Delaware
(Complete Address with zip code) 19977

(2) _____
(Name of Plaintiff)    (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

1,2 (●) Thomas Carroll, David Pierce,
3,4 (●) Anthony Rendina, Captain McCrea,
5,6 (●) James Watkins, Michael Trader,
7,8 (●) Todd Drace and John Does of the
(Names of Defendants)
Institutional Base Classification Committee
(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

05-878-

(Case Number)
(to be assigned by U.S. District Court)

**CIVIL COMPLAINT**

• • Jury Trial Requested



FILED
DEC 16 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I.   PREVIOUS LAWSUITS

A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

USDC/DE., 00 CV 366-JJF; USDC/DE. 01 CV 695-JJF et al; USDC/DE. 84 CV 599-SLR; USDC/DE. 89 CV 690-RRM; USDC/DE. 90 CV 337-SLR; USDC/DE 90 CV 362-LON; USDC/DE. 91 CV 342-JLL; USDC/DE. 91 CV 397-JJF; USDC/DE. 98 CV 677 GMS; USDC/DE. 98 mc 105 UNA and USDC/DE. 04 CV 01435-GMS (Habeas) (pending) (Riley v. Carroll). Don't know caption for other cases.

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? • •(Yes) • •No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? • (Yes) • •No

C. If your answer to "B" is Yes:

1. What steps did you take? Filed the attached complaints and Classification Appeals to all named defendants and the IBCC officials. See Exhibits A thru G.

2. What was the result? All defendants ignored plaintiff's appeals and complaints. Defendant continue punish plaintiff for false misconduct reports.

D. If your answer to "B" is No, explain why not: _____
N/A

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Thomas Carroll

Employed as Warden at Delaware Correctional Center

Mailing address with zip code: 1181 Paddock Road, Smyrna Delaware 19977

(2) Name of second defendant: David Pierce

Employed as Deputy Warden at Delaware Correctional Center

Mailing address with zip code: 1181 Paddock Road, Smyrna, Delaware 19977

(3) Name of third defendant: Anthony Rendina

Employed as Director of Special Program at Department of Corrections

Mailing address with zip code: 245 McKee Road, Dover Delaware 19904.

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

{ Defendants continue on reverse side of this page. }

Name of Fourth defendant: Captain McCrea
Employed as: Captain at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road, Smyrna Delaware 19977

Name of Fifth defendant: James Watkins
Employed as: Lieutenant at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road, Smyrna Delaware 19977

Name of Sixth defendant: Michael Trader
Employed as: Sergeant at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road, Smyrna Delaware 19977

Name of Seventh defendant: Todd Drace
Employed as: Officer at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road, Smyrna Delaware 19977

Name of eighth defendant: Members of the Institutional Base Classification Committee (IBCC)
Employed as: Classification Officer(s)
Mailing address with zip code: 1181 Paddock Road, Smyrna Delaware 19977.

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.) All the Facts in the attached Exhibits are incorporated into the Statement of Claims by reference herein below.

1. On June 17, 2005 the named defendants Sergeant Michael Trader, Officer Todd Drace, Lieutenant James Watkins and Captain McCrea manufactured False reports and incriminating evidence to have plaintiff Riley moved to disciplinary segregation. (See Correspondence between Riley and Deputy Warden Pierce 7/5, 6/19 and 7/11 of 2005 attached Exhibits "A" and "B". For Full detail of incident See plaintiff's Classification Appeal dated July 20, 2005 Exhibit "D" and plaintiff's Letter to Anthony Rendina dated July 8, 2005 Exhibit "E". (Continued on reverse side)...

2. A Few days later after the punitive transfer, the Classification Officer, Lieutenant Porter, notified plaintiff in person that the basis for his administrative segregation is premised upon an allege pending Internal Affairs investigation into (bogus, False) accusations of a plot to physically assault Officer Drace referenced in incident reports filed by the defendants named in Ground One above. However Internal Affairs indicated in a Memo dated June 23, 2005 that it find no cause for an investigation. (See Memo Exhibit "C" and Plaintiff's Appeal of the Institutional Base Classification Committee (IBCC)'s initial reclassification decision Exhibit "D".

3. On July 8, 2005 plaintiff forward a letter to defendant Anthony Rendina whom oversee the Department of Corrections' Adjustment Board Appeal process. Plaintiff explained to defendant Rendina how the named officers were abusing the disciplinary procedures and process to falsely accuse and punish inmates. Defendant Rendina ignored plaintiff's complaint and request for relief. (See Plaintiff's Letter to Mr. Rendina Exhibit "E"). Plaintiff also filed classification appeals and complaints to defendants Warden Carroll, Deputy Warden Pierce and the IBCC defendants regarding the misconduct of these officers in filing false disciplinary reports against the plaintiff. (See Exhibits A, B, D, F and G). These defendants fail to give plaintiff any type of relief and they continue to keep plaintiff segregated on False disciplinary charges without a disciplinary hearing and due process of Corrections' Code of Penal Discipline.

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Issue an immediate temporary restraining order and permanent preliminary injunction against all defendants directing them to stop violating plaintiff's 8th and 14th Amendment rights by keeping plaintiff confined in disciplinary segregation on pretense of an ongoing investigation into false disciplinary charges absent the due process protections of the Corrections' Code of Penal Discipline for rule infractions. See Plaintiff's Classification Appeal Exhibit-G, where the Multi-disciplinary Team (MDT) recommended that plaintiff be transferred out of administrative segregation but the Institutional Base Classification Committee (IBCC) arbitrary disapproved the recommendation and ordered plaintiff's continued punitive confinement in segregation without given any reason for such adverse decision. Then the IBCC extended all future periodic reviews from every 90-days to every 12-months. (See IBCC's decision Exhibit G-5)

Further, plaintiff ask this court to issue a permanent injunction that the defendants' new policy to review plaintiff's segregated status every 12-months violate Federal Third Circuit Court's case law and the ...

3

### Plaintiff's Segregated Status At Level 4 Of The SHU

Administrative segregation and disciplinary segregation are the same as far as location and privileges. These two housing statuses are located inside the Security Housing Unit (The SHU) buildings 17, 18, 19, 20 and building 21 inside the Maximum Housing Unit (The MHU). The MHU are buildings 22, 23 and 24. Plaintiff was transferred from the MHU building 23 to the SHU's Level 4 status in building 21 of the MHU.

The SHU and MHU serves as the Department of Corrections' (DOC) State-wide disciplinary unit for all Delaware prisons for adult men. The SHU is the highest security level and consist of four (4) descending custody levels with each level having less restrictions than the next. These restrictions involve all privileges such as rehabilitation programs, education programs, work programs, visitation, law library access, religion, recreation, commissary, personal belongings, physical restraints, etc. Level 4 is the last stage of the SHU and all the restrictions imposed upon an inmate's quality of life is at the bare minimum required by Federal law for disciplinary segregation.

For instance, the only significant difference between level 4 and levels 1 thru 3 is that 1 thru 3 are single man cells and level 4 are double bunked cells. On all levels inmates are provided just three 45-minute recreation periods and three 15-minute showers per week.

### Periodic Classification Reviews Are By Law Unconstitutional In The SHU

Just recently (August of 2005) the defendant Warden Carroll extended the constitutionally required periodic review of inmates' segregated status from every 90-days to every 365-days. Defendant Carroll's new policy of 365-days periodic reviews violate clearly established Third Circuit Court case law and 8th Amendment rights of the plaintiff applicable by the due process clause of the 14th Amendment; because plaintiff is forced to endure these harsh restrictions for long periods of time (12-months or longer) confined in a 15 x 8 small cell with another inmate.

In order for an inmate (including the plaintiff) to get placed back into general prison population he must successfully complete the SHU's 4 levels and then successfully complete another punitive lock down status in the MHU for an undetermined indefinite period of time without any periodic reviews lawfully required for segregated inmates.

...14th Amendment rights of plaintiff and direct the defendants to rescind the utilization of such unlawful policies; and

2. that defendants cannot use administrative segregation as a pretext for indefinite commitment of inmates or for punishment for unsubstantiated rule infractions. Nor is it lawful for defendants to use the pretext of an investigation to keep plaintiff segregated in administrative confinement. Also, issue a declaratory judgment that all defendants named herein actions described in the statement of claims above and in the supporting Exhibits attached hereto as incorporated by reference, violate plaintiff's 8th and 14th Amendment rights against punishing him for rule infractions without procedural due process of law; And that all defendants had an official duty to act upon plaintiff's appeals and complaints of false disciplinary charges;

3. And that defendants' failure to act upon plaintiff's complaints constitute a deliberate acquiescence of the illegal acts and constitutional violations. (See Plaintiff's Classification Appeal to Warden Carroll Ex. G.). In additionally, award plaintiff monetary relief for punitive and compensatory damages from each defendant in the amount of $100.00 per day for their deliberate and callous acts of keeping plaintiff confined in Administrative Segregation on false evidence and false disciplinary charges without procedural due process of the Corrections' Code of Penal Discipline. Reimburse plaintiff for cost of filing fees and all other costs. Plaintiff is suing each defendant in their personal and official capacity for acts committed under color of state and federal law.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __24__ day of __November__, 2_005_.

_James W. Riley_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4



M. James Riley
SBI# 165716 UNIT MHU, Bldg. 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office Of The Clerk
U.S. District Court
844 King Street
Wilmington, Delaware
19801