Copy

From: James W. Riley #169716
SHU section of MHU Bldg. 21

To: I.B.C.C
Date: July 20, 2005
Re: Classification Appeal

(No Answer)

To Whom This May Concern,

On July 12, 2005 the Institution Base Classification Committee (IBCC) approved the Multi-discipline Team's (M.D.T) recommendation to reclassify Mr. Riley from the MHU Bldg. 23 to SHU section of Building 21 of MHU where he is currently housed.

This decision is based upon an incriminating bogus anonymous letter written by some unknown person who falsely allege that Mr. Riley intended to physically assault Officer Todd Drace. However Mr. Riley and c/o Drace have known each other for over five (5) and they never had a confrontation, nor is there any documented proof to remotely suggest any problems. Obviously the bogus incriminating letter was forged by someone who wanted Mr. Riley moved off the tier out of jealousy or insecurity or just to have him lock down because there were no other justified reasons to segregate him.

At the time MDT reviewed his status Mr. Riley was told that he was being segregated pending

Ex. D                                    Ex. D-2

An Internal Affairs (IA) investigation into the Anonymous letter. However Mr. Riley wrote I.A about the matter and on June 23, 2005 I.A Director Jack Sines Filed a Memorandum stating that he Find no cause For an I.A investigation. (See I.A Case File # MO5-023)

Thus to this date I have not received a write-up For the False accusations made against me in this bogus letter which is the initial incident resulting in my administrative transfer to building 21 SHU status.

Applying this scenario with no propensity evidence in his central Files of 23 years, iF the IBCC subject Mr. Riley to an unFair punitive reclassification For such Fraudulent reasons then iF someone else Forge another False anonymous letter consisting of greater incriminating accusations (seeing that the First one had success), hence, the IBCC would have to reclassify Mr. Riley to level-1 of the SHU Building. These reasons are wholly irrelevant to the purpose of classification. Finally since I.A Find no cause For investigation and Mr. Riley has not been given a major write-up in accordance with the procedural due process safeguards of the Corrections' Code of Penal Discipline (CPD) For these clearly False

Ex. D-2

accusations, then the IBCC must grant this appeal and reclassify him back to his previous MHU housing status in Building 23.

Several years ago OCC had this same problem with inmates writing anonymous bogus letters against another inmate to get him moved for personal gain. The IBCC shall not resort to this unconstitutional practice!

Thank You!
James Riley

Ex. D-3

Appendix E

## DELAWARE CORRECTIONAL CENTER — MEMORANDUM

TO:      Inmate _Riley, James_, SBI# _169716_, Housing Unit _23 21_

VIA:     Counselor ✓ _Kramer_      _BL5_

FROM:    I.B.C.C.

DATE:    _7/12/05_

RE:      Classification Results

Your M.D.T. has recommended you for the following: _____

_Max, Max Programs_

The I.B.C.C.'s decision is to:

✓  _____  Approve _____

   _____  Not Approve _____

   _____  Defer _____

   _____  Recommend _____

   _____  Not Recommend _____

**BECAUSE:**

____  Lack of program participation          ____  Time remaining on sentence
____  Pending disciplinary action            ____  Prior failure under supervision
____  Gradual phasing indicated              ____  Poor institutional adjustment
____  Open charges                           ____  Serious nature of offense
____  Prior criminal history
____  Failure to follow your treatment plan in that you _____
_____

____  You present a current and continuous danger to the safety of staff, other inmates, or the good
      order of the Institution.  Explanation: _____

OTHER: _____ _Rev: 09/65_ _____
_____

**ADDITIONAL COMMENTS:**

____  Develop/continue treatment plan with counselor

You will be expected to address the following: _____
_____
_____

Copy to: Classification
         Inmate                                      Form #456
         Institution File                            Revised 11/97

Ex. D-4