(No Answer)

Copy

Dear Warden Carroll,

    I am forwarding my IBCC Classification Appeal to you for decision first. I am not being treated fairly in the classification process.

    I ask that you review my classification Appeal and then forward it to the IBCC board with directions to reconsider my present status without bias and discrimination.

                                 Thank You!

                                James Riley #169916

                                MHU, Bldg. 21

Date: October 11, 2005

                                Ex. G                    Ex. G-1


*Copy*

From: James W. Riley #169716
SHU sect.on of MHU Bldg. 21
B-Tier, cell L-5

To: I.B.C.C
Date: October 11, 2005                    (No Answer)
Re: Second Classification Appeal
    And I.B.CC's 9/27/05 decision

    This is my second classification appeal of the IBCC wrongful decision to reclassify Mr. Riley to Max custody. The First Classification appeal is dated July 20, 2005 which addresses the initial basis for reclassification from MHU to Max housing premise upon False evidence.

    Although Mr. Riley's counsellor, Ms. Sarah Forbes, had informed him prior to his September 2005 MDT periodic review that he was being placed on the transfer list to be moved back to MHU status for the reasons stated in classification appeal dated July 20, 2005, however the MDT board (Ms. Forbes) said they wanted to finalize the transfer through the IBCC, thus recommending Mr. Riley be moved back to his original MHU status.

    In the IBCC decision dated 9/27/05 in which Mr. Riley received on the above date, the Committee disapproved MHU housing and

Ex. G-2

off death row with points appropriate for such housing custody. Unlike other formally death row inmates Mr. Riley was previously housed in general population while under a death sentence for nearly 8-years.

The IBCC board cannot justify its actions taken against Mr. Riley and to correct this obvious injustice the committee must reconsider its decision in fairness of policy for unbias classification.

*James Riley*

Notice! This appeal is being forwarded to Warden Carroll to place him and IBCC on notice for future civil right lawsuit.

Ex. G - 4

Appendix E

# DELAWARE CORRECTIONAL CENTER — MEMORANDUM

TO: Inmate _Riley, James_, SBI# _169716_, Housing Unit _21_
VIA: Counselor _Forbes_
FROM: I.B.C.C.
DATE: _9/27/05_
RE: Classification Results

Your M.D.T. has recommended you for the following:
_Med/High, MHU Programs_
_MH groups_

The I.B.C.C.'s decision is to:
✓ Approve _Cont. Max, Max Programs_
✓ Not Approve _Med/High, MHU Programs, MH groups_
___ Defer
___ Recommend
___ Not Recommend

**BECAUSE:**

___ Lack of program participation        ___ Time remaining on sentence
___ Pending disciplinary action          ___ Prior failure under supervision
___ Gradual phasing indicated            ___ Poor institutional adjustment
___ Open charges                         ___ Serious nature of offense
___ Prior criminal history
___ Failure to follow your treatment plan in that you _____

___ You present a current and continuous danger to the safety of staff, other inmates, or the good order of the Institution. Explanation: _____

OTHER: _Rev: 09/06_

**ADDITIONAL COMMENTS:**

___ Develop/continue treatment plan with counselor

You will be expected to address the following: _____

Copy to: Classification
        Inmate
        Institution File

Form #456
Revised 11/97

Ex. G-5