In The United States District Court
For The District Of Delaware

James Riley,
    Plaintiff,

v.

Thomas Carroll, Warden,
et al.,    Defendants.

C.A. No. 05-878-GMS



FILED
APR 11 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Motion For Reconsideration Of Summary Dismissal Of Plaintiff's Complaint And Request For Injunction Relief

Now comes the plaintiff James W. Riley, pursuant to Local Rule of Civil Practice 7.1.5, for reconsideration of this Court's March 30, 2006, Memorandum and Order Summary dismissal of plaintiff's complaint brought under 42 U.S.C. § 1983. Reconsideration should be granted for the following reasons:

### A. False Disciplinary Charges And Wolff Due Process Hearing

The Court wrongfully dismissed plaintiff's complaint based upon the Third Circuit Court ruling in Smith v. Mensinger, 293 F.3d 641, 653-54 (3r. Cir. 2002) which states, without more, the filing of a false disciplinary charges and related disciplinary sanction do not violate due process. (CT. Mem. At pg. 3).

However the Third Circuit ruling in Smith is premised upon Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986) which states that so long that an inmate receives a Wolff due process hearing on the alleged false charges then the filing of the unfounded charges did not give rise to a per se constitutional violation actionable under Section 1983. See Freeman, at 952-53 and Smith, at 653-54. Thus its undisputed that Smith and Freeman both received an opportunity to be heard through a Wolff due process hearing.

The foundation of the Second Circuit Court ruling in Freeman was analyzed under the approach taken in Morrison v. LeFevre, 592 F.Supp. 1052 (S.D.N.Y. 1984). In Morrison there was no Wolff due process hearing held on the false disciplinary charges, and it was the mere filing of the charge itself that caused Morrison to be segregated. See Freeman, at 952-53.

Thus, plaintiff Riley is similar to Morrison in which he never received a Wolff due process hearing on the false disciplinary charges that caused his segregated status. Attached

1

hereto as Exhibit "A" is a disciplinary report which refer to the incident report that resulted in plaintiff Riley's segregation. The Report states:

> On 6-17-2005 at the above approximate time Sgt. Michael Trader after receiving the hand written letter referenced in incident report (ir) 1023511 and notifying the area Lt. conducted a shakedown of cell C-U6. During the shakedown the following was discovered.

(See attached Exhibit "A").

Based upon incident report #1023511 plaintiff Riley was immediately transferred to disciplinary segregation pending an investigation into an allege plot to assault a correctional officer. As to the infractions cited in Exhibit "A" disciplinary report involving incident report #1023520 all the major charges were dismissed because there was no evidence to support them. See attached hereto Exhibits "B" & "C".

Plaintiff Riley was found guilty of items #6 and #8 for possessing soap balls he uses for cleaning and a pair gloves he uses for exercising and keeping his hands warm when jogging outside in the winter. See Exhibit "A" item #6 and #8 and Exhibit "C" guilty finding for failing to obey an order and possession of non-dangerous contraband.

Thus, incident report #1023520 was filed after plaintiff was transferred to segregation for incident report #1023511 where his personal property was confiscated and inventoried by defendants Trader and Drace who subsequently wrote-up plaintiff for the bogus disciplinary infractions in Exhibit A disciplinary report. (See bottom of Exhibit A where it states: Immediate Action Taken and the numbers 404, 122 and 539 appears). The #404 is an incident report form which in this case is incident report #1023520. The #122 is a disciplinary report form which in case is Exhibit "A". And the #539 is a confiscation/inventory sheet form in this case which is Exhibit "E". Nowhere in the Immediate Action Taken does it state that plaintiff was transferred to segregation for incident report #1023520. (See Disciplinary Report Exhibit A).

Plaintiff was transferred to segregation for incident report #1023511 pending the outcome of an investigation.

b. Pre-Hearing Detention

Now, according to the Corrections Code of Penal Discipline (CPD) an inmate have the right to remain in his existing status until the hearing unless he become sufficient threat to other inmates, staff members, or himself to warrant pre-hearing detention. (See Exhibit "D" Inmates' Rights In The Disciplinary Process attached hereto). Because plaintiff was falsely accused of an unsubstantiated plot to assault a correctional officer, the defendant C/o Drace, as allegedly

indicated in incident report #1023511, plaintiff was immediately moved out of his existing status and placed in disciplinary segregation pending the outcome of an investigation.

Thus plaintiff interpret the governing case law on the matter as requiring that whenever an inmate is placed in administrative segregation pending an investigation the broad dictates of Hewitt v. Helms, 459 U.S. 460 (1983) permit the prison authorities to engage in periodic reviews of 30-days intervals to review an inmates' segregated status or the status of any ongoing investigation. See, Toussaint v. McCarthy, 801 F.2d 1080, 1102-03 (9th Cir. 1986) (...Administrative segregation must not be a pretext for punitive isolation, Hewitt, 459 U.S. at 477 N.9, the substantive criteria assure that plaintiff's due process rights are not meaningless gestures).

Since Hewitt permit the 24 hour periodic review of an inmate's isolated status under Pre-Hearing Detention to be extended to every 30-days when an inmate is relocated to Administrative Segregation rather than punitive isolation (the Hole) pending the completion of an investigation, that doesn't dispense with the substantive procedural requirements under the Pre-Hearing Detention rule of the CPO to provide inmate with a WOLFF due process hearing on the allege infractions or return the inmate to his previous status. (See Exhibit D).

In plaintiff Riley's complaint and supporting exhibits attached thereto he presented actual documented proof that he was moved to disciplinary segregation pending a bogus investigation into false misconduct charges alleged in incident report #1023511 and Exhibit "C" to plaintiff's complaint state that officials find no cause for an Internal Fairs investigation. That document (Exhibit C) was issued on June 23, 2005 and ten (10) months later the defendants still have plaintiff confined in disciplinary segregation without providing him a WOLFF due process hearing pursuant to the CPO as required by the Pre-Hearing Detention Rule.

At the top of page 3 of plaintiff's complaint, he noted: "All the facts in the attached Exhibits are incorporated into the Statement of Claims by reference." Thus in Exhibits A-2 & F-2 June 19, 2005 and July 9, 2005 Letters to defendant Deputy Warden Pierce and Exhibit G and G-1 thru G-4 October 11, 2005 Letter to defendant Warden Carroll with Classification Appeal, all allege that the defendants are subjecting plaintiff to racial discrimination and unfair treatment because he was exonerated of the death sentence.

Also the bogus disciplinary report defendant's filed against plaintiff for possession of legal documents and allegedly assisting other inmates with their criminal appeals

3

(See Exhibit "A" attached hereto), is some evidence to suggest that defendants' underlying reasons to segregate plaintiff was court access related.

In any event the Court's analysis on page 3 thru 6 of its Memorandum summary dismissal of plaintiff's complaint on the basis of <u>Smith v. Mensinger</u>, supra and <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) do not apply here because the defendants deprived plaintiff of his substantive due process rights under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) codified in the CPD. (See Exhibit-D attached hereto).

### C. Periodic Reviews

The Court did not address the constitutionality of the periodic reviews afforded by defendants to review plaintiff's segregated status. As plaintiff allege in his complaint and as this Court quoted on page 2 of its Memorandum... "Warden Carroll changed the review time period for review of inmates housed in SHU from every 90 days to every 365 days.

Although <u>Sandin</u> altered some of <u>Hewitt</u> procedural due process requirements regarding administrative segregation, however <u>Sandin</u> did not change or lessen prison officials constitutional duty to maintain adequate procedures for periodic review of inmate segregated status, and "[T]o insure that periodic review does not become simply a sham, the content and substance of that review must be scrutinized under the illumination of the 14th Amendment". <u>See</u>, <u>Sourbeer v. Robinson</u>, 791 F.2d 1094, 1101 (3d. Cir. 1986).

Accordingly, defendant Carroll's new policy for periodic reviews of inmates' (practicularly the plaintiff) segregated status every 12-months violated due process. See <u>Toussaint v. McCarthy</u>, 801 F.2d at 1101 (citing <u>Mims v. Shapp</u>, 744 F.2d 946, 952 (3d Cir. 1984) (monthly review of a prisoner's status satisfied due process concerns).

Therefore the plaintiff having established that he possess a liberty interest under the Pre-Hearing Detention Rule of CPD to remain in his pervious housing status, thus plaintiff is entitled to adequate periodic reviews pursuant to <u>Hewitt</u>, <u>Mims</u> and <u>Sourbeer</u>. The defendant Carroll's new policy to review inmates' segregated status every 12 months is unreasonable and is a pretext for indefinite commitment of plaintiff for punitive reasons. See, <u>Toussaint</u>, at 1102.

Wherefore, the Court's entire Memorandum decision dismissing plaintiff's complaint is totally WRONG, and based upon the foregoing law cited above herein, this Court must grant reconsideration and issue an immediate injunction directing the defendants to repel their new unconstitutional periodic review policy and direct the defendants to release plaintiff from his unconstitutional confinement in disciplinary segregation. Thus, since defendants' continuing deliberate actions to keep plaintiff segregated in disciplinary confinement on false misconduct accusations without a due process hearing consistent with the CPD in the pretext of an ongoing investigation that has been shown to be non-existing, thus plaintiff is also entitled to all the monetary relief requested in his complaint for defendants violation of his 8th and 14th Amendment rights.

Date: April 8, 2006

James W. Riley

James W. Riley, pro se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

### Service of Motion

No service is required because the Court summary dismissed action without service upon parties.

| Disciplinary# | | | |
|---|---|---|---|
| 1018535 | DCC Delaware Correctional Center<br>Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone No. 302-653-9261 | | Date: 06/17/2005 |

# DISCIPLINARY REPORT

Disciplinary Type: Class1    Housing Unit: Bldg 21    IR#: 1023520

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00169716 | Riley, James W | DCC | Bldg.23 C Tier | 06/17/2005 | 20:30 |

Violations: 1.18/200.218 Possession of Dangerous Contraband, 1.25/200.202 Sexual Misconduct, 1.27/200.205 Theft, 2.03/200. Creating a Health, Safety or Fire Hazard, 2.06/200.108 Failing to Obey an Order, 2.13/200.111 Possession of Non-Dangerous Contraband

Witnesses: 1. N/A    2. N/A    3. N/A

## Description of Alleged Violation(s)

On 6-17-2005 At The Above Approximate Time Sgt. Michael Trader After Receiving The Hand Written Letter Referenced In Ir 102351 And Notifying The Area Lt Conducted A Shakedown Of Cell C U 6. During The Shakedown The Following Was Discovered.

1. Legal Cases, Appeals And Paperwork Belonging To Inmate James Trump Housed In Cl 10

2. Legal Cases Appeals And Paperwork Belonging To Leroy Nash

3. Legal Cases Appeals And Paperwork Belonging To Inmate Norman Ingram

4. Legal Cases, Appeals And Paperwork Belonging To Ralph Reed Currently Housed In Bldg 22 Al5

5. The Above Referenced Paperwork Was Prepared By Riley, James For These Inmates For Money As Evidenced In Letters Obtain During The Shakedown

6. One Approx 10-12 Oz Plastic Jar Of Crushed Soap Balls Yellow In Color.

7. Several Letters From Inmate To Inmate And Other Mailings With False Address To Be Mailed Into The Institution.

8. Yellow Work Goves

9. Pornographic Images In Black And White From A Copier, Depicting Sexual Acts And Total Nudity

10. Letter Referencing Co Drace In A Dispilinary Action To A "Hope"

11. Letter To Mike Durham And Yaya Aka Johnathan Murray Housed On B Tier In 23 Referencing Passing Contraband At Jumah, An Chapel.
Also Stating The Passing of Contraband Through The Law Library In The Morning.

All Evidence Was Turned Over To Lt Watkins And Sc For Disposition.

Reporting Officer: Trader, Michael S (CO Corporal/Sgt. - Large Inst.)

## Immediate Action Taken

Immediate action taken by: Trader, Michael S -CO Corporal/Sgt. - Large Inst.
404 122 537 Advised Inmate And Area Lt Of Mab

## Offender Disposition Details

Disposition: Not Guilty    Date: 06/17/2005    Time: 22:39    Cell secured? No
Reason: N/A
Disposition Of Evidence: Refered To Sc For Disposition

## Approval Information

Approved: ☒    Disapproved: ☐    Approved By: Watkins, James C (Staff Lt./Lt)
Comments: N/A

Ex. A    Page 1 of 2

DR # 1018535

Date: 6/25/05

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

[✓] Class I (Major)    [ ] Class II (Minor)    [ ] Summary (24 Hour LOAP)

Inmate: Riley James    SBI#: 00 169716
Institution: Delaware Correctional Center    Hearing Date: 6/29/05    Time: 1430

Inmate Present: [✓] Yes  [ ] No

Reason (If No): _____

Violation: 200.218, 200.202, 200.205, 200.106, 200.108, 200.111
Inmate Plea: not guilty
Inmate Statement: _____

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Decision: [✓] Guilty  [ ] Not Guilty  [ ] Further Investigation
Rational: No evidence to support charge of 200.218, 200.202, 200.205 and 200.106 charge dismissed. Per report of 200.108 & 200.111 found guilty of.

Sanctions: 10 days LOAP

Hearing Officer's Signature: _____

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

[ ] I do intend to appeal.
[✓] I do not intend to appeal.

Inmate's Signature

### ORDER TO IMPLEMENT SANCTIONS

[ ] Inmate does not wish to appeal          [ ] Appeal has been denied by Commissioner or Designee
[ ] Sanctions have been modified            [ ] Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on Date: _____ Time: _____
Form 121 - May 30, 2003 - 2 pt. NCR  DACS

Ex. B

DR.# 1018535

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 06/30/2005

# DISCIPLINARY HEARING DECISION

**Inmate**: Riley, James W                                  **SBI#**: 00169716     **Type**: Class 1

**Institution**: DCC  Delaware Correctional Center          **Hearing Date**: 06/29/2005   **Time**: 14:30

**Inmate Present**: Yes      **Reason(If No)**: N/A

**Violation**:  1.18/200.218 Possession of Dangerous Contraband, 1.25/200.202 Sexual Misconduct, 1.27/200.205 Theft, 2.03/200.106 Creating a Health, Safety or Fire Hazard, 2.06/200.108 Failing to Obey an Order, 2.13/200.111 Possession of Non-Dangerous Contraband

**Inmate PLEA**: Not Guilty

**Inmate Statement**: N/A

**Decision**: Guilty

**Rational**: No evidence to support charges of 200;218 200;202, 200;205 and 200;106 charge dismissed. Per report inmate found guilty of 200;108 and 200;111.

**Sanctions**: N/A

### HEARING OFFICER'S SIGNATURE
Savage, Larry

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [ ]  DO      [X]  DO NOT INTEND TO APPEAL

INMATE's SIGNATURE

### ORDER TO IMPLEMENT SANCTIONS

[X]  Inmate does not wish to appeal        [ ]  Appeal has been denied by Commissioner or Designate

[ ]  Sanctions have been modified          [ ]  Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Loss of All Privileges | 07/25/2005 | 10 | 08/03/2005 |

Ex. C

Page 1 of 1

## NOTICE OF DISCIPLINARY HEARING – PAGE 2

### INMATE RIGHTS IN THE DISCIPLINARY PROCESS

**Impartial Hearing Officer:** You have the right to be heard by an Impartial Hearing Officer, who shall not have witnessed the incident in question, have been involved in preparation of the charge, or otherwise biased against you. Such Hearing Officer shall not have had supervisory responsibility over you during the six months immediately proceeding the hearing and shall be of a rank no lower than Lieutenant.

**Make a Statement and Present Evidence:** You have the right to make a statement and present any reasonable evidence, including written statements from others in your behalf.

**Record of Findings:** You have the right to receive a written record of the Disciplinary Hearing. Such record shall state the findings of the Hearing Officer, summarize the evidence relied upon, and will state the sanctions imposed, if any.

**Appeal:** You have the right to appeal the decision of the Hearing Officer to the Commissioner of the Department of Correction or his designee. At the Disciplinary Hearing you will be provided with an appeal form. Execution of any sanction imposed by the Hearing Officer shall be automatically stayed for seventy-two (72) hours immediately following the hearing UNLESS YOU INDICATE ON THE APPEAL FORM THAT YOU DO NOT INTEND TO APPEAL. The purpose of the automatic stay is to afford you time to decide if you want to appeal. If you file an appeal within seventy-two (72) hours immediately following the hearing, the Hearing Officer MUST stay the execution of the sanction until an appeal decision is rendered. If you do not file an appeal within seventy-two (72) hours immediately following the hearing OR if you indicate on the appeal form that you do not want to appeal, the sanction shall be executed. The 72-hour time limit will run only while you are incarcerated at the institution.

**Right to Remain Silent:** If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

**Presence:** You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

MAJOR OFFENSE                (All of the above plus the following)

**Counsel:** You have the right to consult with counsel substitute prior to the hearing. At the hearing, you may be accompanied by a counsel substitute who may be either a staff member or an approved inmate. The extent to which counsel substitute may present your case at a Disciplinary Hearing shall be within the discretion of the Hearing Officer, taking into consideration such factors as your literacy, intelligence, the complexity of the issues under consideration, and other factors which may prevent you from making a complete presentation on your own behalf.

**Pre-Hearing Detention:** You have the right to remain in your existing status until the hearing unless you become sufficient threat to other inmates, staff members, or yourself to warrant pre-hearing detention. If pre-hearing detention is ordered by the Shift Supervisor of your unit, that order must be reviewed by the Warden or his designee every 24 hours. Failure to do so will cause you to return to your previous status. Any time spent in pre-hearing detention will be credited against any subsequent sanction imposed.

**Copies of Written Information:** You have the right to receive copies of any written information which the Hearing Officer may consider except where disclosure of such information would be unduly hazardous to institutional safety or would endanger the physical safety of an individual, reasons for non-disclosure to be stated in writing. In all other cases where written information is not disclosed, the contents will be summarized for you to the extent this may be done without creating a substantial risk to institutional or personal safety.

**Call Witness:** You have the right to call witnesses on your behalf unless doing so would be irrelevant, redundant, unduly hazardous to institutional safety, or would endanger the physical safety of any individual; such reasons will be stated in writing by the Hearing Officer.

**Confront and Cross-Examine Accuser:** You have the right to confront and cross-examine your accuser (the author of the Disciplinary Report) and all witnesses who testify against you unless doing so would be unduly hazardous to institutional safety or would endanger the physical safety of the witness; such reasons for denial will be stated in writing by the Hearing Officer.

Form 127 (Rev. 9) 05/03
2 Part NCR



Ex. D

## INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: Riley, Jamis                            SBI#: 169716
HOUSING UNIT: MHU-C-V-6-T    DATE: 06/17/05    TIME: 2030

| ITEM | DESCRIPTION/BRAND NAME | S/P** | QUANTITY | CONDITION (Poor/Fair/Good) |
|---|---|---|---|---|
| 1 | Loose Unconnected Legal Paperwork | PP | Trash Bag #1 | Fair |
| 2 | Loose Unassorted Legal Paperwork | PP | Trash Bag #2 | Fair |
| 3 | Loose Unassorted Legal Paperwork | PP | Trash Bag #3 | Fair |
| 4 | Loose Unassorted Legal Paperwork | PP | Trash Bag #4 | Fair |
| 5 | Loose Unassorted Legal Paperwork | PP | Trash Bag #5 | Fair |
| 6 | Loose Unassorted Legal Paperwork | PP | Trash Bag #6 | Fair |

Passky, Clinton                    1600-2400              [signature] Clint Grassley
Officer's Name (Print Clearly)     Shift                  Officer's Signature Who Inventoried Property

_____    _____              _____
Supervisor's Name (Print Clearly)  Shift                  Supervisor's Signature Reviewing Inventory

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property) (Date) (Time) (Person Receiving Property) Unit

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property) (Date) (Time) (Person Receiving Property) Unit

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property) (Date) (Time) (Person Receiving Property) Unit

Revised: 4/01/03    ** S- State Property    P- Personal Property    Ex. E    FORM# 537-A

INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: Riley, James           SBI#: 169716
HOUSING UNIT: MHU-C-U-6-T   DATE: 06/17/05   TIME: 2030

| ITEM | DESCRIPTION/BRAND NAME | S/P** | QUANTITY | CONDITION (Poor/Fair/Good) |
|---|---|---|---|---|
| 7 | SNEAKERS, WHITE, NIKE | PP | 1 PR | GOOD  SIZE 8 US |
| 8 | TV, BLACK, 12", B+W  MODEL# KT1210/BK  SR# 0103692 | PP | 1 EA | FAIR |
| 9 | BOX, WHITE "COPY" legal case | PP | LG BOX | FAIR |
| 10 | BIBLE, RED "NEW AM." | PP | 1 EA | POOR |
| 11 | BOOK, AM. CRIMINAL LAW REVIEW"... | PP | 1 EA | POOR/ "BROKEN IN PTS  NO COVER TO BOOK |
| 12 | BOOK "FEDERAL RULES OF EVIDENCE" | PP | 1 EA | FAIR |
| 13 | BOOK "RULES OF CRIMINAL PROCEDURES..." | PP | 1 EA | FAIR |
| 14 | "HYDROCORTISONE" | PP | | FAIR |
| 15 | TRIAL TRANSCRIPTS | PP | 1 EA | FAIR |
| 16 | AMERICAN CENTURY | PP | 1 EA | FAIR |
| 17 | BIBLE "NEW WORLD" BLACK | PP | 1 EA | FAIR |

Officer's Name (Print Clearly): Todd Drace     Shift: 14x12
Supervisor's Name (Print Clearly): M. Radek    Shift: 4yrc

Officer's Signature Who Inventoried Property: [signature]
Supervisor's Signature Reviewing Inventory: [signature]

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)   (Time)   (Person Receiving Property)   Unit

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)   (Time)   (Person Receiving Property)   Unit

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)   (Time)   (Person Receiving Property)   Unit

Revised: 4/01/03    ** S- State Property    P- Personal Property    FORM# 537-A

INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: Riley, James                          SBI# 169716
HOUSING UNIT: MHU C-J-6-T    DATE 06/17/05    TIME: 2030

| ITEM | DESCRIPTION/BRAND NAME | S/P** | QUANTITY | CONDITION (Poor/Fair/Good) |
|---|---|---|---|---|
| 18 | HAIR BRUSH, BROWN | PP | 1 EA | POOR |
| 19 | RADIO, PANASONIC AM/FM | PP | 1 EA | POOR |
|  | GRAY/SILVER |  |  |  |
| 20 | TOE NAIL CLIPPER | PP | 1 EA | FAIR |
| 21 | WATCH "ACQUA" | PP | 1 EA | POOR |
| 22 | VITAMINS 90 TABLETS | PP | 1 BOTTLE | POOR (21 EA) |
| 23 | SHAVING CREAM | PP | 14.5 oz | POOR (½ full) |
| 24 | DEODORANT "DIAL" | PP | 1.1.5 oz | FAIR |
| 25 | PENS "BIC" | PP | 4 EA | FAIR |
| 26 | PENCILS #2 | PP | 2 EA | FAIR |
| 27 | COMB, BLK 5" | PP | 1 EA | FAIR |
| 28 | COMB, BLK 8" | PP | 1 EA | FAIR |
| 29 | MARKER, BLK | PP | 1 EA | FAIR |
| 30 | BOOK "PATHWAY TO..." | PP | 1 EA | POOR/TORN COVER |
| 31 | SHAVER "SCHICK" | PP | 1 SET | FAIR, HANDLE 5 BLADES |
| 32 | KNIFE BLUE/BLK | PP | 2 EA | FAIR |
| 33 | CROSS "JESUS" NECKLACE | PP | 1 EA | FAIR |
| 34 | "RAMEN" | PP | 3 PKS | FAIR |

Todd Drace                                        4x12
**Officer's Name (Print Clearly)**    **Shift**    **Officer's Signature Who Inventoried Property**

M. Kaiser                                        4x12
**Supervisor's Name (Print Clearly)**    **Shift**    **Supervisor's Signature Reviewing Inventory**

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  Unit

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  Unit

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:
_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  Unit

Revised: 4/01/03    ** S- State Property    P- Personal Property    FORM# 537-A

## INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: Riley James              SBI#: 169716
HOUSING UNIT: MHU C-U-6-T   DATE: 06/17/05   TIME: 2030

| ITEM | DESCRIPTION/BRAND NAME | S/P** | QUANTITY | CONDITION (Poor/Fair/Good) |
|---|---|---|---|---|
| 35 | PLASTIC CHAIR w/ WHT LIDS | PP | 2 EA | FAIR |
| 36 | SHAVING CREAM CAN | PP | 1 EA | POOR |
| 37 | SOAP DISH CLR PLASTIC | PP | 1 EA | POOR / DIRTY |
| 38 | PLASTIC CUP N/ LID CLEAR | PP | 1 EA | POOR |
| 39 | PLASTIC CUP WHT | PP | 1 EA | POOR |
| 40 | TOOTH BRUSH HOLDER w/ RED TOOTH BRUSH | PP | 1 EA | POOR |
| 41 | HAT, WOOL WHT | PP | 2 EA | POOR |
| 42 | LONG JOHN SHIRT AND BOTTOMS | PP | SET | POOR |
| 43 | DC GYM SHORTS | PP | 1 EA | POOR |
| 44 | DCC SWEAT PANTS | PP | 2 EA | POOR (2X, 3X) |
| 45 | BRN STATE BOOTS | PP | 1 EA | POOR 8 1/2 |
| 46 | SWEAT SHIRT DOC WHT | PP | 1 EA | POOR (2X) |
| 47 | TOWEL WHT | PP | 1 EA | FAIR |
| 48 | WASH CLOTH | PP | 1 EA | FAIR |

Officer's Name (Print Clearly)       Shift       Officer's Signature Who Inventoried Property

Supervisor's Name (Print Clearly)    Shift       Supervisor's Signature Reviewing Inventory

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on __/__/__, at _____, by _____, within ____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  Unit

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on __/__/__, at _____, by _____, within ____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  Unit

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on __/__/__, at _____, by _____, within ____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  Unit

Revised: 4/01/03    ** S- State Property    P- Personal Property    FORM# 537-A

INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: Riley, James                                          SBI# 169716
HOUSING UNIT: MHU-C-U-6-T    DATE 06/17/05    TIME: 2030

| ITEM | DESCRIPTION/BRAND NAME | S/P** | QUANTITY | CONDITION (Poor/Fair/Good) |
|---|---|---|---|---|
| 49 | WHT T-SHIRTS | PP | 3 ea | POOR |
| 59 | HEAD/WRIST BANDS | PP | 1 pr | POOR |
| 60 | SOCKS WHT | SP | 3 pr | POOR |
| 61 | BOXERS WHT | SP | 3 pr | POOR |
| 62 | J/M ID | SI | 1 ea | GOOD |

Todd Drace                                    4x12
_____                 _____         _____
Officer's Name (Print Clearly)              Shift                    Officer's Signature Who Inventoried Property

_____                 _____         _____
Supervisor's Name (Print Clearly)           Shift                    Supervisor's Signature Reviewing Inventory

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)    (Time)   (Person Receiving Property)       Unit

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)    (Time)   (Person Receiving Property)       Unit

**Record of Transfer of Property**

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)  (Date)    (Time)   (Person Receiving Property)       Unit

Revised: 4/01/03    ** S- State Property    P- Personal Property              FORM# 537-A

I/M James Riley
SBI# 169716  UNIT MHU, Bldg. 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of The Clerk
U.S. District Court
844 King Street
Wilmington, Delaware
19801

U.S.M.S.
X-RAY

$00.87
APR 10 2006
MAILED FROM ZIP CODE 19977