

In The United States Court Of Appeals
For The Third Circuit

James Riley,
  Plaintiff - Below
  Appellant,

  v.

Thomas Carroll, David Pierce,
Anthony Rendina, Captain McCrea,
James Watkins, Michael Trader,
Todd Drace And John Does Of The
Institutional Base Classification
Committee,
  Defendants - Below
  Appellees.

No _____

( Del. Dist. Ct. Civ. A. No.
  05-878 - GMS )

Notice Of Appeal

Please Take Notice that the Plaintiff - Appellant James
Riley appeal the Delaware District Court's Memorandum
And ORDER dated March 30, 2006 Summarily dismissing
Appellant's complaint brought under 42 U.S.C. § 1983
without service upon parties or the Attorney General Of
the State Of Delaware. (See Memorandum And Order, "A & B",
Attached hereto).

                                    James W. Riley
                                    _____
Date: April 5, 2006                 James Riley, pro se
CC: Attorney General Of             Delaware Correctional Center
    State Of Delaware               1181 Paddock Road
                                    Smyrna, Delaware 19977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-878-GMS |
| | ) |
| THOMAS CARROLL, WARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM

The plaintiff, James Riley ("Riley"), is a prisoner incarcerated at the Delaware

Correctional Center ("DCC"), Smyrna, Delaware.  He brings this lawsuit pursuant to 42 U.S.C. §

1983.  Riley appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (D.I. 5.)  The court now proceeds to review and screen the complaint pursuant

to 28 U.S.C. § 1915 and § 1915A.

### I.    THE COMPLAINT

Suit is brought against defendants Warden Thomas Carroll ("Warden Carroll"),  Deputy

Warden David Pierce ("Deputy Warden Pierce"), Director of Special Programs Anthony Redina

("Redina"), Captain McCrea ("McCrea"), James Watkins ("Watkins"), Michael Trader

("Trader"), Todd Drace ("Drace"), and the John Doe members of the Institutional Base

Classification Committee ("IBCC").

Riley was housed in the Maximum Housing Unit ("MHU").  He alleges that on June 17,

2005, Trader, Drace, Watkins, and McCrea manufactured false reports and incriminating

evidence to have him moved to disciplinary segregation in the Security Housing Unit ("SHU").

Riley alleges that after the punitive transfer, he was notified by Lieutenant Porter that the reason

Ex. A

for the move to administrative segregation was due to a pending Internal Affairs investigation into false accusations of a plot to assault Drace referenced in the incident reports filed by Trader, Drace, Watkins, and McCrea. Riley alleges that on June 23, 2005, Internal Affairs found no cause for the investigation.

Riley next alleges that on July 8, 2005, he forwarded a letter to Rendina explaining how Trader, Drace, Watkins, and McCrea were abusing the disciplinary process, but Rendina ignored his complaint. Riley also filed classification appeals and complaints with Warden Carroll, Deputy Warden Pierce, and the IBCC members. Riley alleges that he received no relief and he continues to be housed in SHU on false disciplinary charges without the benefit of a disciplinary hearing and due process.

In the complaint Riley states that administrative segregation and disciplinary segregation are the same as far as location and privileges and both areas are housed in the SHU buildings. He alleges that Warden Carroll changed the review time period for review of inmates housed in SHU from every 90 days to every 365 days.

Riley seeks several variations of injunctive relief including a transfer out of administrative segregation, and a change in the review status policy. He also seeks compensatory and punitive damages.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any

2

time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    ANALYSIS

Riley's complaint centers around his transfer from MHU to SHU. He alleges his placement in SHU is based upon "manufactured false reports" and "incriminating evidence" by Trader, Drace, Watkins, and McCrea. Riley claims he is being kept segregated without a disciplinary hearing and due process in violation of the Department of Correction's Code of Penal Discipline.

At the outset, it is noted that the filing of a false disciplinary charge and related disciplinary sanction do not, without more, violate due process. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). In reviewing an alleged due process violation, it must be

3

determined whether the alleged violation implicates a constitutionally protected property or

liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). "Liberty interests protected by the

Fourteenth Amendment may arise from two sources-the Due Process Clause itself and the laws

of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In a prison setting, states may create

protected liberty interests. These interests will be generally limited to freedom from restraint

which, while not exceeding the sentence in such an unexpected manner as to give rise to

protection by the Due Process Clause of its own force, nonetheless impose atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515

U.S. at 484 (internal citations omitted). First to be determined is whether the sanction constitutes

an "atypical and significant hardship." *Chapman v. Dudlek*, No. 95-73-SLR, 1997 WL 309442,

at *3 (D. Del. April 18, 1997). If the sanction rises to that level, the court must then review the

relevant procedure to determine its sufficiency under the Due Process Clause." *Id.*

In this case, Riley alleges that his placement in administrative segregation without a

hearing violated his due process rights. Yet, neither Delaware law nor DCC regulations create a

liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann. 11, §

6529(e). Similarly, his transfer from MHU to SHU is not violative of the Constitution. "'As long

as the conditions or degree of confinement to which [a] prisoner is subjected is within the

sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process

Clause does not in and of itself subject an inmate's treatment by prison authorities to judicial

oversight.'" *Hewitt*, 459 U.S. at 468 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It has been determined that the transfer of a prisoner from one classification is unprotected by

"'the Due Process Clause in and of itself,'" even though the change in status involves a

4

significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett,* 429 U.S. 78 (1976) *see also Lott v. Arroyo*, 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Moreover, the Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. *Griffin*, 112 F.3d at 706-09; *see Sack v. Canino*, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). As of this date, Riley has been housed in SHU for approximately eight months – an amount of time that does not implicate a protected liberty interest. Accordingly, the decision to place Riley in administrative segregation cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution. Finally, Riley makes no allegations that his placement in administrative segregation imposed an "atypical or significant hardship on [him] in relation to the ordinary incidents of prison life" so as to impinge upon his protected liberty interests.

Based upon the foregoing, Riley's due process claims have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.    CONCLUSION

For the above stated reasons the court finds that the complaint is legally and factually frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).    Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).  An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March _30_, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES RILEY,                                    )
                                                )
                Plaintiff,                      )
                                                )
        v.                                      ) Civ. No. 05-878-GMS
                                                )
THOMAS CARROLL, WARDEN, et al.,                 )
                                                )
                Defendants.                     )

## ORDER

At Wilmington this 30ʳʰ day of March, 2006, for the reasons set forth in the

Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally and factually frivolous.   Amendment of

the complaint would be futile.

UNITED STATES DISTRICT JUDGE

Ex. B

**Affidavit accompanying Motion for
Permission to Appeal In Forma Pauperis**



United States District Court for the _District_ of _Delaware_

v.

D.C. Case No. _05-878-GMS_

Third Cir. No. _____

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I sear or affirm under penalty of perjury that my answers on this form are true and correct. (28 U.S.C. § 1746, 18 U.S.C. § 1621) | Complete all questions on this application and then sign it. Do not leave any blanks. If the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate piece of paper identified with your name, your case's docket number, and the question number. |

Signed: _James Riley_          Date: _April 9, 2006_

My issues on Appeal are:

1. Prison Officials Filed False misconduct Charges Against Mr. Riley;

2. Prison Officials transferred Mr. Riley to disciplinary Segregation without First providing him with A WOlFF due process hearing pending an investigation into False Accusations;

3. Prison Officials investigation is being used As a pretext to keep Mr. Riley in Segregation.

4. Mr. Riley's 14th Amendment right are continuing to be Violated by prison Officials' unconstitutional segregation without A WOlFF due process hearing;

5. The district Court erred in Summary dismissing Mr. Riley's complaint by incorrectly applying the Law to the Facts of this case.

1

1.      For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| INCOME SOURCE | AVERAGE MONTHLY AMOUNT DURING THE PAST 12 MONTHS | AMOUNT EXPECTED NEXT MONTH |
|---|---|---|
| | You | You |
| Employment | $ N/A | $ N/A |
| Self-Employment | $ N/A | $ N/A |
| Income from real property (such as rental income) | $ N/A | $ N/A |
| Interest and Dividends | $ N/A | $ N/A |
| Gifts | $ N/A | $ N/A |
| Alimony | $ N/A | $ N/A |
| Child Support | $ N/A | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ N/A | $ N/A |
| Unemployment payments | $ N/A | $ N/A |
| Disability (such as social security, insurance payments) | $ N/A | $ N/A |
| Public Assistance (such as welfare) | $ N/A | $ N/A |
| Other (specify): N/A | $ N/A | $ N/A |
| **Total monthly income** | $ N/A | $ N/A |

2

2. List your employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|----------|---------|---------------------|-------------------|
| N\A | N\A | N\A | N\A |
| N\A | N\A | N\A | N\A |
| N\A | N\A | N\A | N\A |

3. List your spouse's employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|----------|---------|---------------------|-------------------|
| N\A | N\A | N\A | N\A |
| N\A | N\A | N\A | N\A |
| N\A | N\A | N\A | N\A |

4. How much cash do you and your spouse have? $ __N\A__

Below, state any money you or spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|-----------------------|-----------------|-----------------|------------------------|
| N\A | N\A | $ N\A | $ N\A |
| N\A | N\A | $ N\A | $ N\A |
| N\A | N\A | $ N\A | $ N\A |

**If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement for each account.**

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle # 1 (Value) |
|---|---|---|
| N\A | N\A | N\A |
| | | Make & year: N\A |
| | | Model: N\A |
| | | Registration # : N\A |

| Motor Vehicle # 2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: N\A | N\A | N\A |
| Model: N\A | | |
| Registration # : N\A | | |

6. State every person, business or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N\A | N\A | N\A |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N\A | N\A | N\A |

4

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Your Spouse |
|---|---|---|
| Rent or Home Mortgage (Include lot rented for mobile home) | $ N\|A | $ N\|A |
| Are real estate taxed included? • yes • no Is property insurance included? • yes • no | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ N\|A | $ N\|A |
| Home maintenance (repairs and upkeep) | $ N\|A | $ N\|A |
| Food | $ N\|A | $ N\|A |
| Clothing | $ N\|A | $ N\|A |
| Laundry and dry-cleaning | $ N\|A | $ N\|A |
| Medical and dental expenses | $ N\|A | $ N\|A |
| Transportation (not including motor vehicle payments) | $ N\|A | $ N\|A |
| Recreation, entertainment, newspapers, magazines, etc. | $ N\|A | $ N\|A |
| Insurance (not deducted from wages or included in mortgage payments) | $ N\|A | $ N\|A |
| Homeowners or renters | $ N\|A | $ N\|A |
| Life | $ N\|A | $ N\|A |
| Health | $ N\|A | $ N\|A |
| Motor Vehicle | $ N\|A | $ N\|A |
| Other: _____ | $ N\|A | $ N\|A |
| Taxes (not deducted from wages or included in mortgage payments)(specify): N\|A N\|A | $ N\|A | $ N\|A |

5

|  | You | Your Spouse |
|---|---|---|
| Installment payments | $ N\A | $ N\A |
| Credit Card (name): N\A   N\A | $ N\A | $ N\A |
| Department Store (name): N\A | $ N\A | $ N\A |
| Other: N\A | $ N\A | $ N\A |
| Alimony, maintenance and support paid to others | $ N\A | $ N\A |
| Regular expenses for operation of business or farm (attach detailed statement) | $ N\A | $ N\A |
| Other (specify): N\A | $ N\A | $ N\A |
| **Total monthly expenses:** | $ N\A | $ N\A |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

• Yes    No    If yes, describe on an attached sheet.

10. Have you paid N\A Or will you be paying N\A an attorney any money for services in connection with this case, including the completion of this form?

• Yes    No    If yes, how much? $ N\A

If yes state the attorney's name, address and telephone number:

N\A

N\A

N\A

6

11. Have you paid N/A Or will you be paying N/A anyone other than attorney (such as a paralegal or typist) any money for services in connection with this case, including the completion of this form?

· Yes    ( No )    If yes, how much? $  N/A

If yes state the person's name, address and telephone number:

_____ N/A _____

_____ N/A _____

_____ N/A _____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

I Am incarcerated And currently owe the prison over $2.000 in A Legal photocopying debt I can never pay.

13.  State the address of your legal residence.

Delaware Correctional Center

1181 Paddock Rd., Smyrna, Del. 19977

Your daytime telephone number: (___) _____

Your age: ___45___    Your years of Schooling: ___10th grade___

Your social security number: ___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___

Rev: 3-23-99

## CERTIFICATE

(Incarcerated applicants only)

*(To be completed by the institution of incarceration)*

I certify that the applicant named herein has the sum of $ _14.87_ on account his/her credit at (name

of institution) _____ Delaware Correctional Center _____.

I further certify that the applicant has the following securities to his/her credit:

_____ 6151.43) _____ _____ _14.87) _____

I further certify that during the past six months the applicant's average monthly balance was $ _14.87)_

and the average monthly deposits were $ _0_

_4/6/06_
Date

_Stacey Share_
Signature of Authorized Officer

*(NOTE THE REQUIREMENT IN ITEM 1 FOR THE INMATE TO OBTAIN AND ATTACH LEDGER SHEETS OF ACCOUNT TRANSACTIONS OVER THE PAST SIX MONTH PERIOD. LEDGER SHEETS ARE NOT REQUIRED FOR CASES FILED PURSUANT TO 28:USC §2254)*

**RECEIVED-D.C.C.**

**APR 0 6 2006**

**SUPPORT SERVICES MANAGER**

# DELAWARE CORRECTIONAL CENTER
## SUPPORT SERVICES OFFICE
### MEMORANDUM

TO: _Janey Riley_    SBI#: _169716_

FROM:    Stacy Shane, Support Services Secretary

RE:    **6 Months Account Statement**

DATE: _April 6, 2006_

---

Attached are copies of your inmate account statement for the months of
_October 1, 2005_    to    _March 31, 2006_.

The following indicates the average daily balances.

| MONTH | AVERAGE DAILY BALANCE |
|-------|----------------------|
| Oct | (14.87) |
| Nov | (-14.87) |
| Dec | (14.87) |
| Jan | (-14.87) |
| Feb | (14.87) |
| March | (-14.87) |

**Average daily balances/6 months:** _(14.87)_

Attachments
CC:    File

Stacy Shane
4/6/06

My Commission expires
6-17-2006

# Individual Statement

Date Printed: 4/6/2006                                                        Page 1 of 1

## For Month of October 2005

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | ($14.87) | |
|---|---|---|---|---|---|---|---|
| 00169716 | Riley | James | W | | | | |
| Current Location: | 21 | | Comments: QOL4 | | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 10/5/2005 | $0.00 | $0.00 | ($3.97) | ($14.87) | 166751 | | 1/5/05 | |
| Supplies-MailP | 10/5/2005 | $0.00 | $0.00 | ($3.57) | ($14.87) | 166828 | | 2/2/05 | |
| Supplies-MailP | 10/5/2005 | $0.00 | $0.00 | ($3.73) | ($14.87) | 167075 | | 3/7/05 | |
| Supplies-MailP | 10/6/2005 | $0.00 | $0.00 | ($1.29) | ($14.87) | 167744 | | DST/POSTAGE | |
| Supplies-MailP | 10/12/2005 | $0.00 | $0.00 | ($3.73) | ($14.87) | 170467 | | 6/6/05 | |
| Supplies-MailP | 10/12/2005 | $0.00 | $0.00 | ($3.57) | ($14.87) | 170514 | | 7/4/05 | |
| Supplies-MailP | 10/12/2005 | $0.00 | $0.00 | ($3.57) | ($14.87) | 170670 | | 8/1/05 | |
| Supplies-MailP | 10/13/2005 | $0.00 | $0.00 | ($0.65) | ($14.87) | 171480 | | DST/POSTAGE | |
| Supplies-MailP | 10/13/2005 | $0.00 | $0.00 | ($1.52) | ($14.87) | 171481 | | DST/POSTAGE | |
| Supplies-MailP | 10/13/2005 | $0.00 | $0.00 | ($3.95) | ($14.87) | 171483 | | DST/POSTAGE | |
| Supplies-MailP | 10/14/2005 | $0.00 | $0.00 | ($3.57) | ($14.87) | 171900 | | 9/12/05 | |
| Supplies-MailP | 10/14/2005 | $0.00 | $0.00 | ($0.12) | ($14.87) | 172094 | | 6/27/05 | |
| | | | | **Ending Mth Balance:** | **($14.87)** | | | | |

Total Amount Currently on Medical Hold:  ($8.00)

Total Amount Currently on Non-Medical Hold:  ($143.43)

# Individual Statement

Date Printed:  4/6/2006                                                                                  Page 1 of 1

## For Month of November 2005

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | ($14.87) |
|-----|-----------|------------|-----|--------|------------------|----------|
| 00169716 | Riley | James | W | | | |
| Current Location:   21 | | Comments:  QOL4 | | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|------------|------|------------------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Supplies-MailP | 11/4/2005 | $0.00 | $0.00 | ($3.41) | ($14.87) | 180161 | | 10/11/05 | |
| Supplies-MailP | 11/10/2005 | $0.00 | $0.00 | ($0.37) | ($14.87) | 182822 | | | |
| Supplies-MailP | 11/10/2005 | $0.00 | $0.00 | ($0.37) | ($14.87) | 182823 | | | |
| Supplies-MailP | 11/10/2005 | $0.00 | $0.00 | ($0.60) | ($14.87) | 182832 | | | |
| Supplies-MailP | 11/18/2005 | $0.00 | $0.00 | ($3.81) | ($14.87) | 186211 | | 11/8/05 | |

|  | Ending Mth Balance: | ($14.87) |
|---|---------------------|----------|

**Total Amount Currently on Medical Hold:**  ($8.00)

**Total Amount Currently on Non-Medical Hold:**  ($143.43)

# Individual Statement

Date Printed: 4/6/2006                                                                 Page 1 of 1

## For Month of December 2005

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | ($14.87) | | |
|---|---|---|---|---|---|---|---|---|
| 00169716 | Riley | James | W | | | | | |
| Current Location: | 21 | | Comments: QOL4 | | | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 12/15/2005 | $0.00 | $0.00 | ($3.57) | ($14.87) | 196068 | | 12/6/05 | |
| | | | | Ending Mth Balance: | ($14.87) | | | | |

Total Amount Currently on Medical Hold: ($8.00)

Total Amount Currently on Non-Medical Hold: ($143.43)

# Individual Statement

Date Printed:  4/6/2006                                                                                         Page 1 of 1

## For Month of January 2006

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | ($14.87) | | |
|-----|-----------|------------|-----|--------|------------------|----------|---|---|
| 00169716 | Riley | James | W | | | | | |
| **Current Location:** 21 | | | **Comments:** QOL4 | | | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|------------|------|------------------------------|--------------|------------------|---------|---------|--------------|--------|------------|
| Supplies-MailP | 1/6/2006 | $0.00 | $0.00 | ($0.60) | ($14.87) | 205488 | | 12/28/05 | |
| Supplies-MailP | 1/6/2006 | $0.00 | $0.00 | ($0.60) | ($14.87) | 205489 | | 12/28/05 | |
| Supplies-MailP | 1/17/2006 | $0.00 | $0.00 | ($3.57) | ($14.87) | 209101 | | 1/2/06 | |
| Supplies-MailP | 1/18/2006 | $0.00 | $0.00 | ($2.44) | ($14.87) | 210616 | | 12/21/05 | |
| Supplies-MailP | 1/19/2006 | $0.00 | $0.00 | ($0.39) | ($14.87) | 211249 | | 1/5/06 | |
| Supplies-MailP | 1/27/2006 | $0.00 | $0.00 | ($0.60) | ($14.87) | 214055 | | 11/9/05 | |
| Supplies-MailP | 1/27/2006 | $0.00 | $0.00 | ($0.63) | ($14.87) | 214164 | | 1/21/06 | |
| | | | | **Ending Mth Balance:** | ($14.87) | | | | |

**Total Amount Currently on Medical Hold:** ($8.00)

**Total Amount Currently on Non-Medical Hold:** ($143.43)

# Individual Statement

Date Printed: 4/6/2006                                                                           Page 1 of 1

## For Month of February 2006

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | ($14.87) |
|-----|-----------|------------|-----|--------|------------------|----------|
| 00169716 | Riley | James | W | | | |

| Current Location: | 21 | | Comments: QOL4 | | | |
|-------------------|-----|--|----------------|--|--|--|

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|------------|------|------------------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Supplies-MailP | 2/3/2006 | $0.00 | $0.00 | ($0.39) | ($14.87) | 218286 | | 1/20/06 | |
| Medical | 2/3/2006 | $0.00 | ($4.00) | $0.00 | ($14.87) | 218421 | | 1/10/06 | |
| Supplies-MailP | 2/8/2006 | $0.00 | $0.00 | ($0.63) | ($14.87) | 220431 | | 1/12/06 | |
| Supplies-MailP | 2/8/2006 | $0.00 | $0.00 | ($3.65) | ($14.87) | 220556 | | INDIGENT 1/30/06 | |
| Supplies-MailP | 2/10/2006 | $0.00 | $0.00 | ($8.05) | ($14.87) | 221645 | | 12/13/05 | |
| | | | **Ending Mth Balance:** | | ($14.87) | | | | |

**Total Amount Currently on Medical Hold:** ($8.00)

**Total Amount Currently on Non-Medical Hold:** ($143.43)

# Individual Statement

Date Printed:  4/6/2006                                                                          Page 1 of 1

## For Month of March 2006

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | ($14.87) |
|---|---|---|---|---|---|---|
| 00169716 | Riley | James | W | | | |
| Current Location: | 21 | | Comments: | QOL4 | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 3/16/2006 | $0.00 | $0.00 | ($1.83) | ($14.87) | 237471 | | 3/12/06 | |
| Supplies-MailP | 3/22/2006 | $0.00 | $0.00 | ($3.65) | ($14.87) | 239830 | | INDIGENT 3/13/06 | |
| | | | | Ending Mth Balance: | ($14.87) | | | | |

**Total Amount Currently on Medical Hold:**  ($8.00)

**Total Amount Currently on Non-Medical Hold:**  ($143.43)

I/M James Riley

SBI# 169916 UNIT MHU, Bldg-21

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977



UNITED STATES POSTAGE
PITNEY BOWES
02 1.4
0004308975
$ 01.11⁰
APR 10 2006
MAILED FROM ZIP CODE 19977

OFFice OF The Clerk

U.S. Court OF Appeals

21400 U.S. CourtHouse

601 Market Street

Phila., Pa. 19106-1990