In The United States Court Of Appeals
For The Third Circuit



James Riley,
   Plaintiff-Below
   Appellant,

v.

Thomas Carroll, David Pierce, Anthony Rendina, Captain McCrea, James Watkins, Michael Trader, Todd Drace And John Does Of The Institutional Base Classification Committee,
   Defendants-Below
   Appellees.

No. _____

(Del. Dist. Ct. Civ. A. No. 05-878-GMS)

## Notice Of Appeal

Please Take Notice that the Plaintiff-Appellant James Riley appeal the Delaware District Court's Memorandum And ORDER dated March 30, 2006 summarily dismissing Appellant's complaint brought under 42 U.S.C. § 1983 without service upon parties or the Attorney General of the State of Delaware. (See Memorandum And Order "A & B" attached hereto).

Date: April 5, 2006

CC: Attorney General Of
    State Of Delaware

James W. Riley
James Riley, pro se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-878-GMS |
| | ) |
| THOMAS CARROLL, WARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Riley ("Riley"), is a prisoner incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware. He brings this lawsuit pursuant to 42 U.S.C. § 1983. Riley appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    THE COMPLAINT**

Suit is brought against defendants Warden Thomas Carroll ("Warden Carroll"), Deputy Warden David Pierce ("Deputy Warden Pierce"), Director of Special Programs Anthony Redina ("Redina"), Captain McCrea ("McCrea"), James Watkins ("Watkins"), Michael Trader ("Trader"), Todd Drace ("Drace"), and the John Doe members of the Institutional Base Classification Committee ("IBCC").

Riley was housed in the Maximum Housing Unit ("MHU"). He alleges that on June 17, 2005, Trader, Drace, Watkins, and McCrea manufactured false reports and incriminating evidence to have him moved to disciplinary segregation in the Security Housing Unit ("SHU"). Riley alleges that after the punitive transfer, he was notified by Lieutenant Porter that the reason

Ex. A

for the move to administrative segregation was due to a pending Internal Affairs investigation into false accusations of a plot to assault Drace referenced in the incident reports filed by Trader, Drace, Watkins, and McCrea. Riley alleges that on June 23, 2005, Internal Affairs found no cause for the investigation.

Riley next alleges that on July 8, 2005, he forwarded a letter to Rendina explaining how Trader, Drace, Watkins, and McCrea were abusing the disciplinary process, but Rendina ignored his complaint. Riley also filed classification appeals and complaints with Warden Carroll, Deputy Warden Pierce, and the IBCC members. Riley alleges that he received no relief and he continues to be housed in SHU on false disciplinary charges without the benefit of a disciplinary hearing and due process.

In the complaint Riley states that administrative segregation and disciplinary segregation are the same as far as location and privileges and both areas are housed in the SHU buildings. He alleges that Warden Carroll changed the review time period for review of inmates housed in SHU from every 90 days to every 365 days.

Riley seeks several variations of injunctive relief including a transfer out of administrative segregation, and a change in the review status policy. He also seeks compensatory and punitive damages.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any

time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.  ANALYSIS

Riley's complaint centers around his transfer from MHU to SHU. He alleges his placement in SHU is based upon "manufactured false reports" and "incriminating evidence" by Trader, Drace, Watkins, and McCrea. Riley claims he is being kept segregated without a disciplinary hearing and due process in violation of the Department of Correction's Code of Penal Discipline.

At the outset, it is noted that the filing of a false disciplinary charge and related disciplinary sanction do not, without more, violate due process. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). In reviewing an alleged due process violation, it must be

3

determined whether the alleged violation implicates a constitutionally protected property or liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources-the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In a prison setting, states may create protected liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484 (internal citations omitted). First to be determined is whether the sanction constitutes an "atypical and significant hardship." *Chapman v. Dudlek*, No. 95-73-SLR, 1997 WL 309442, at *3 (D. Del. April 18, 1997). If the sanction rises to that level, the court must then review the relevant procedure to determine its sufficiency under the Due Process Clause." *Id.*

In this case, Riley alleges that his placement in administrative segregation without a hearing violated his due process rights. Yet, neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann. 11, § 6529(e). Similarly, his transfer from MHU to SHU is not violative of the Constitution. "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in and of itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt*, 459 U.S. at 468 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). It has been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a

4

significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett,* 429 U.S. 78 (1976) *see also Lott v. Arroyo*, 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Moreover, the Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. *Griffin*, 112 F.3d at 706-09; *see Sack v. Canino*, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by *Wolff,* because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). As of this date, Riley has been housed in SHU for approximately eight months – an amount of time that does not implicate a protected liberty interest. Accordingly, the decision to place Riley in administrative segregation cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution. Finally, Riley makes no allegations that his placement in administrative segregation imposed an "atypical or significant hardship on [him] in relation to the ordinary incidents of prison life" so as to impinge upon his protected liberty interests.

Based upon the foregoing, Riley's due process claims have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above stated reasons the court finds that the complaint is legally and factually frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March 30, 2006
Wilmington, Delaware

Ex. B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-878-GMS |
| | ) |
| THOMAS CARROLL, WARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 30th day of March, 2006, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally and factually frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE

Ex. B