IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES RILEY,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )  Civ. No. 05-878-GMS
                                      )
THOMAS CARROLL,  et al.,              )
                                      )
            Defendants.               )

## MEMORANDUM

**I.    INTRODUCTION**

The plaintiff James Riley ("Riley"), who proceeds *pro se*, brings this civil rights action

pursuant to 42 U.S.C. §1983 alleging a violation of his right to due process.  The case was

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  (D.I. 7.)  Riley moves for

reconsideration of the dismissal order.  (D.I. 8.)

**II.    STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Riley to meet. The

purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present

newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).  A

motion for reconsideration may be granted if the moving party shows: (1) an intervening change

in the controlling law; (2) the availability of new evidence that was not available when the court

issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice.  *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F.Supp. at 1241 (D.Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

## III.    DISCUSSION

Riley argues that the court wrongfully dismissed his complaint. More particularly, Riley contends that case law supports his position there was a violation of his right to due process when he did not receive a *Wolff* due process hearing on false disciplinary charges that caused his segregation status. The gist of Riley's complaint is that he was subjected to disciplinary confinement without due process of law. In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional

goals." *Wolff*, 418 U.S. at 563-71; *Griffin v. Spratt,* 969 F.2d 16, 19-20 (3d Cir. 1992). It is

axiomatic, however, that to be entitled to procedural due process protections as set forth in *Wolff*,

a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558.

The Due Process Clause itself confers no liberty interest in freedom from state action

taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting

*Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Moreover, state created liberty interests protected

by the Due Process Clause are generally limited to restraints on prisoners that impose an

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

As previously discussed in the court's March 30, 2006, memorandum, the Third Circuit

has held that a state prisoner's confinement in administrative segregation for 15 months did not

impose an atypical and significant hardship on the prisoner. *Griffin*, 112 F.3d at 706-09; *see Sack

v. Canino*, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug. 21, 1995)(assuming that the

plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 30 days

disciplinary confinement did not implicate a liberty interest, such infraction did not violate the

plaintiff's due process rights). Based upon the time Riley alleged he spent in segregation, at the

time of the filing of his complaint he did not allege a protected liberty interest. Hence, contrary

to his position, Riley is not entitled to the procedural due process protections set forth in *Wolff*.

After reviewing the complaint, case law and Riley's pending motion, the court finds no

need to correct a clear error of law or fact or to prevent manifest injustice. Riley has not

demonstrated the grounds necessary to warrant reconsideration and therefore, his motion will be

denied.

## IV.    CONCLUSION

For the above stated reasons the court will deny the motion for reconsideration.  (D.I. 8.)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

May 19, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-878-GMS |
| | ) | |
| THOMAS CARROLL,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this 19 rゟ day of May, 2006, for the reasons set forth in the Memorandum

issued this date the motion for reconsideration (D.I. 8) is DENIED.

UNITED STATES DISTRICT JUDGE

May 19, 2006
Wilmington, Delaware