APS-349                                                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-2667
_____

JAMES RILEY

v.

THOMAS CARROLL, DAVID PIERCE,
ANTHONY RENDINA, CAPTAIN McCREA, JAMES WATKINS,
MICHAEL TRADER, TODD DRACE, and JOHN DOES, of the
Institutional Base Classification

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-00878)
District Judge: Honorable Gregory M. Sleet
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 28, 2006

BEFORE: SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed  October 12, 2006)
_____

OPINION
_____

PER CURIAM

   Appellant, James Riley, proceeding pro se, appeals the District Court's order

dismissing his civil rights complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)

and the District Court's denial of his motion for reconsideration of that order. For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. §1915(e)(2)(B).

Riley alleges that on June 17, 2005, he was moved to disciplinary segregation based on the false reports of Trader, Drace, Watkins, and McCrea. Riley alleges that he later was transferred to administrative segregation due to a pending internal affairs investigation, and that he has been housed since then in administrative segregation without the benefit of a disciplinary hearing and due process.[1] Riley asserts that administrative segregation and disciplinary segregation are essentially identical in location and privileges, and that recently the time period for review of inmates housed in administrative segregation was increased from a 90 day review period to a 365 day review period. He claims this change violates his due process rights.

The District Court dismissed Riley's complaint as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Riley appealed. He also filed a motion for reconsideration, which was denied by the District Court. Riley filed an amended notice of appeal challenging that order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Riley has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this

---

[1] The record indicates that Riley did receive notice of the charges against him and a hearing before a disciplinary officer. The record indicates that Riley was present and sanctions were imposed at the hearing on June 29, 2005. (Appellant's motion for reconsideration at Exhibits A-D). Accordingly, any allegations of false reports could have been presented before the disciplinary hearing officer.

2

appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To succeed on a due process claim, Riley must first demonstrate that he was deprived of a liberty interest.  Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002).  Liberty interests may arise from the Due Process Clause or from a state-created liberty interest.  Id.  The Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subjected are within the sentence imposed and do not otherwise violate the Constitution.  Id. (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983)).  Because administrative segregation is the sort of confinement that Riley should reasonably anticipate receiving at some point in his incarceration, his transfer to less amenable and more restrictive quarters does not implicate a liberty interest protected by the Due Process Clause.  Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002).

Under certain circumstances, states may create liberty interests that are protected by the Due Process Clause.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life." Id.  Generally, placement in administrative segregation will not create a liberty interest.  Torres, 292 F.3d at 150.

Neither Delaware law nor the Delaware Department of Corrections regulations create a liberty interest in a prisoner's classification within an institution.  See Carrigan v. State of Delaware, 957 F. Supp. 1376, 1385 (D.Del. 1997) ("[T]he State of Delaware has created no constitutionally protected interest in a prisoner's classification."); Blizzard v. Watson, 892 F. Supp. 587, 597 (D.Del. 1995) ("[P]rison officials may reclassify or transfer a prisoner from the general population to the ASDA [Administrative Segregation and Detention Area] for any reason or no reason at all."); 11 Del.C. §6529(e); 11 Del.C. § 6535.  Furthermore, in Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997), we held that administrative custody for periods as long as fifteen months is not an atypical and significant hardship.  Riley was transferred to administrative segregation in June 2005.  At the time that he filed his complaint, Riley had been in administrative segregation for approximately six months; accordingly, Riley's placement in administrative segregation is not an atypical or a significant hardship that would deprive him of a liberty interest.[2]  Griffin, 112 F.3d at 708.

---

[2]Riley filed his notice of appeal in April 2006, ten months after his transfer to administrative segregation.  Accordingly, even if we were to include in our consideration the time period Riley spent in administrative custody prior to the filing of his notice of appeal, it would still be insufficient to demonstrate the deprivation of a liberty interest.

Riley also asserts that the policy of reviewing an inmate's status in administrative segregation once every 365 days violates his due process rights. Because we have held that administrative custody for fifteen months is not an atypical and significant hardship and because a periodic status review once every 365 days falls within that parameter, we are not persuaded that the policy of reviewing an inmate's status once a year constitutes a deprivation of a liberty interest. See Griffin, 112 F.3d at 708. Moreover, Riley received a status review on September 27, 2005, three months after he was placed in administrative segregation. Appellant's Complaint at Exhibit G-5.

Based on the foregoing reasons, we conclude that Riley's appeal has no arguable basis in law. Accordingly, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Riley's motion for counsel and motion to expand the record are denied.